IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JACLYN MARIE BENTLEY AND ELMER ELLSWORTH POTHOF,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | No. **3:15-cv-00052-SMR-SBJ**<br><br>**SECOND AMENDED PETITION AT LAW AND JURY DEMAND** |
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>JACLYN MARIE BENTLEY AND ELMER ELLSWORTH POTHOF,<br><br>Counterclaim-Defendants. | No. **3:15-cv-00052-SMR-SBJ** |

COME NOW the Plaintiffs, Jaclyn Marie Bentley and Elmer Ellsworth Pothof, by and through their attorney at law, John C. Wagner, and for their Petition at Law and Jury Demand state to the Court as follows:

### PREAMBLE

1. At all times material hereto, Plaintiff Jaclyn Marie Bentley (hereafter "Jaclyn") is a resident of Clinton, Clinton County, Iowa.

2. At all times material hereto, Plaintiff Elmer Ellsworth Pothof (hereafter "Elmer") is a resident of Clinton, Clinton County, Iowa.

3. At all times material hereto, Defendant, State Farm Fire and Casualty Company (hereafter "Defendant"), is a foreign corporation doing business in the State of Iowa, with its principle office located at One State Farm Plaza D, 2, Bloomington, Illinois 61710-0001.

4. At all times material hereto, Plaintiffs are the record titleholders to real estate located at 706 5th Avenue S, Clinton, Iowa 52374 (hereafter "the Property").

5. Plaintiffs contracted with Defendant for the purchase of a homeowners policy (hereafter "the Policy") to provide insurance coverage for Plaintiffs' dwelling and personal property. Said Policy is effective August 1, 2013, to August 1, 2014. A copy of the Declarations Page of the Policy is attached hereto at Exhibit "A" and incorporated herein by this reference.

6. Included in the Policy, under the Coverages & Property Section, Plaintiffs were covered for "Dwelling, Dwelling Extension, Personal Property, and Loss of Use".

7. On or about May 25, 2014, a fire occurred causing extensive damage to the Property and its contents.

8. Plaintiffs did not intentionally cause this fire in any manner.

9. Plaintiffs made appropriate written notifications to Defendant in regard to the losses at issue.

10. On or about March 4, 2015, Defendant denied Plaintiffs' claims related to the losses caused by the fire. In support of this denial, Defendant stated that,

"Based upon the Proof of Loss, the investigation to date, your conduct, and your examinations under oath, State Farm has determined that no payment is owed under the terms of the policy as a result of this fire". In support thereof, Defendant specifically stated that:

a. The damage to the Property is not the result of an "accidental direct physical loss" as required by the Policy.

b. There was a violation of the Intentional Acts provision of the Policy, which states:

   If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

c. There was a violation of the Concealment or Fraud provision of the Policy which states:

   This entire policy shall be void if, whether before or after a loss, an insured has willfully concealed or misrepresented any material fact of circumstance concerning this insurance or the subject thereof, or the interest of an insured therein, or in case of any fraud or false swearing relating thereto.

d. There has been a violation of the Section II-Exclusions of the Policy, which states that property damage is not covered if it is "intended" by the insured or "is the result of willful and malicious acts of the insured".

e. Defendant's letter in this regard is attached hereto at Exhibit "B" and incorporated herewith by this reference.

11. The letter asserts that Plaintiff, Ms. Bentley, had "several motives to cause or procure this loss for the purpose of obtaining insurance benefits" and that throughout the course of the investigation, Ms. Bentley "has engaged in a

pattern of willful concealment and misrepresentation of facts" that were material to the investigation of the fire. The letter concluded that the fire was not an accident and that Ms. Bentley intentionally caused the fire, and thus denied coverage.

12. Neither Plaintiff intentionally caused the fire at issue.

13. Neither Plaintiff violated the terms of the Policy as accused by Defendant.

14. Plaintiffs have since given the proper proofs and complied with all other applicable conditions of the Policy.

15. As a proximate and direct result of Defendant's refusal to comply with the terms of the Policy and to timely make full reimbursements to Plaintiffs related to the fire, Plaintiffs have been damaged in that they have been precluded from making any and all recoveries to which they are entitled under the terms of the Policy.

16. As a result of this breach of contract by Defendant, Plaintiffs were denied insurance coverage properly secured by it for the fire complained of herein and therefore has sustained damages and injuries as a result of the breach.

17. The damages exceed the minimum jurisdictional amount of this Court.

## COUNT I - BREACH OF INSURANCE CONTRACT

Plaintiffs replead and reallege paragraphs 1-17 of this Petition as though fully set forth herein.

18. Prior to May 25, 2014, Plaintiffs contracted with Defendant for the purpose

of purchasing the Policy. Pursuant to the same, Defendant executed and delivered to Plaintiffs the Policy.

19. The Policy was issued pursuant to Plaintiffs' application therefore.

20. On or about May 25, 2014, a fire occurred at the Property, thereby causing extensive heat, smoke, and fire damage to the Property.

21. The Property was covered under the Policy on May 25, 2014.

22. The coverage of the Property under the Policy included coverage for various losses and other costs caused by fire.

23. Up to and including the date of the fire and thereafter, Plaintiffs complied with all conditions of the Policy.

24. Plaintiffs have tendered notice of their claims related to the fire under the Policy to Defendant.

25. Plaintiffs have since given the proper proofs and complied with all other applicable conditions of the Policy.

26. Defendant has not, to date, paid out for covered losses caused by the fire.

27. This failure to comply with its Policy has caused Plaintiffs financial losses.

28. As a proximate and direct result of Defendant's refusal to comply with the terms of the Policy and to timely make full reimbursements to Plaintiffs related to the fire, Plaintiffs have been damaged in that they have been precluded from making any and all recoveries to which they are entitled under the terms of the Policy.

29. As a result of this breach of contract by Defendant, Plaintiffs were denied

insurance coverage properly secured by them for the fire complained of herein and therefore have sustained damages and injuries as a result of the breach.

WHEREFORE, the Plaintiffs, Jaclyn Marie Bentley and Elmer Ellsworth Pothof, respectfully request that this Court enter a judgment in their favor and against the Defendant, State Farm Fire and Casualty Company, in an amount reasonably calculated to fully and fairly compensate Plaintiffs for the entirety of their injuries and damages sustained by reason of Defendant's breach of the Policy, plus interest at the maximum rate allowed by law, the costs of this action, and any other relief which this Court deems just and equitable.

## COUNT II – BAD FAITH FAILURE TO PAY BENEFITS

Plaintiffs replead and reallege paragraphs 1 through 29 of this Petition as though fully set forth herein.

30. At all times material hereto, Defendant has held itself out to the residents/businesses of the State of Iowa and to Plaintiffs as providing full and reasonable insurance services, and issuing policies of insurance in return for premiums, including the Policy involved in this case.

31. On May 25, 2014, the Property was covered under the Policy, which included extensive coverage for accidental losses caused by a fire to the Property at issue.

32. On or about May 25, 2014, there was a fire at the Property, which resulted in damage to the Property.

33. Plaintiffs did not intentionally cause the fire.

34. Plaintiffs did not violate terms of the Policy such that coverage for the fire would be precluded.

35. Plaintiffs suffered injuries and damages caused by the fire.

36. Plaintiffs have made claims against Defendant for the damages in full related to the fire. Plaintiffs are legally entitled to recover on their claims under the Policy. Defendant has failed to make payment on Plaintiffs' claims, causing Plaintiffs damage related thereto.

WHEREFORE, the Plaintiffs, Jaclyn Marie Bentley and Elmer Ellsworth Pothof, respectfully request that this Court enter a judgment in their favor and against the Defendant, State Farm Fire and Casualty Company, in an amount reasonably calculated to fully and fairly compensate Plaintiffs for the entirety of their injuries and damages sustained by reason of Defendant's breach of the Policy, and for exemplary damages as provided by law, plus interest at the maximum rate allowed by law, the costs of this action, and any other relief which this Court deems just and equitable.

## COUNT III – PUNITIVE DAMAGES

Plaintiffs replead and reallege paragraphs 1 through 36 of this Petition as though fully set forth herein.

37. Plaintiffs are legally entitled to recover, from Defendant, an amount reasonably calculated to compensate Plaintiffs for their injuries and damages.

38. Defendant knowingly and willingly continues to deny Plaintiffs' claim, thereby

disregarding Plaintiffs' legal right to receive compensation for their injuries and damages. Said denials are a wanton and reckless or grossly negligent disregard for the rights of others who might be expected to be injured by such conduct.

39. In addition to the actual damages alleged herein, Plaintiffs are entitled to an award of exemplary or punitive damages because of Defendant's conduct.

WHEREFORE, the Plaintiffs, Jaclyn Marie Bentley and Elmer Ellsworth Pothof, respectfully request that this Court enter a judgment in their favor and against the Defendant, State Farm Fire and Casualty Company, in an amount reasonably calculated to fully and fairly compensate Plaintiffs for the entirety of their injuries and damages sustained by reason of Defendant's breach of the Policy, and for exemplary damages as provided by law, plus interest at the maximum rate allowed by law, the costs of this action, and any other relief which this Court deems just and equitable.

## JURY DEMAND

COME NOW the Plaintiffs and hereby demand a trial by jury of all of the issues arising out of the matters pled herein.

/s/ John C. Wagner

JOHN C. WAGNER        AT0008238
JOHN C. WAGNER LAW OFFICES, P.C.
1000 COLLINS RD NE
CEDAR RAPIDS, IA 52402
TELEPHONE:    (319) 378-9544
FACSIMILE:    (319) 378-9732

ATTORNEY FOR
PLAINTIFFS/COUNTERCLAIM-
DEFENDANTS

**StateFarm** State Farm Fire and Casualty Company
A Stock Company With Home Offices in Bloomington, Illinois

P.O. BOX 82542
Lincoln, NE 68501-2542

**Named Insured**

D-06-9DE6-FA23 H

POTHOF, ELMER &
BENTLEY, JACKIE M
706 5TH AVE S
CLINTON IA 52732-4616

**DECLARATIONS PAGE   COVERAGE SUMMARY**

| Policy Number | 15-BQ-T002-6 |
|---|---|

**Policy Period:**   **Effective Date:**   **Expiration Date:**
12 Months           AUG 1 2013            AUG 1 2014
The policy period begins and ends at NOON
standard time at the residence premises.

**Loan #1001021386**

STERLING FEDERAL BANK FSB
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 617
STERLING IL 61081-0617

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Residence Premises:
   Same as Insured's Address

|   | Coverages & Property | | Limits of Liability | Inflation Coverage Index: 210.0 | |
|---|---|---|---|---|---|
|   | SECTION I | | | Deductibles - Section I | |
| A | Dwelling | | $ 153,400 | All Losses 1% | $ 1,534 |
|   | Dwelling Extension | Up To | $ 15,340 | | |
| B | Personal Property | | $ 115,050 | | |
| C | Loss of Use | | $ Actual Loss Sustained | | |
|   | SECTION II | | | | |
| L | Personal Liability (Each Occurrence) | | $ 300,000 | In case of loss under this policy, the deductible will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy. | |
|   | Damage to Property of Others | | $ 500 | | |
| M | Medical Payments to Others (Each Person) | | $ 1,000 | | |

**Loss Settlement Provisions (See Policy)**
A2 : Replacement Cost - Common Construction
B1 : Limited Replacement Cost - Coverage B

**Policy Premium** $ 804.00

**Forms, Options, & Endorsements**
Homeowners Pol                         FP-7955
Homeowners Policy Endorsement          FE-3404
Amendatory Endorsement                 FE-7267.2
Special Limits - Money/Jf              FE-5258
Amendment of Policy Provisions         FE-2350
Ordinance/Law 10%/$ 15,340             Option OL

Discount(s) Applied:
Home/Auto
Claim Record

──── Other Limits and exclusions may apply - refer to your policy ────

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-7001.6C

mkl     Prepared Jul 08 2014

LARRY THEIN
563-386-7741


EXHIBIT
"A"



Case 3:15-cv-00052-SMR-SBJ   Document 14   Filed 07/13/15   Page 10 of 13

March 4, 2015

ELMER POTHOF AND JACKIE BENTLEY
c/o DENNY FLAHERTY
CONTINENTAL FIRE ADJUSTERS
**PERSONAL AND CONFIDENTIAL**
3535 UTICA RIDGE RD
BETTENDORF IA 52722

State Farm Insurance Companies
P.O. Box 52264
Phoenix, AZ 85072-2264

SENT VIA BOTH REGULAR AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED

RE:  Claim Number:    15-4K62-899
     Policy Number:   15-BQ-T002-6
     Policyholders:   Elmer Pothof and Jackie Bentley
     Insured Location: 706 5th Ave S
                      Clinton, IA 52734

Mr. Pothof and Ms. Bentley:

State Farm Fire and Casualty Company (State Farm) has concluded our investigation into the captioned claim. Based upon the Proof of Loss, the investigation to date, your conduct, and your examinations under oath, State Farm has determined that no payment is owed under the terms of the policy as a result of this fire.

No payment is owed under the policy of insurance because: (1) the damage to 706 5th Ave S, Clinton, Iowa is not the result of an "accidental direct physical loss" as required by the policy; (2) there has been a violation of the **Intentional Acts** provision of the policy; (3) there has been a violation of the **Concealment or Fraud** provision of the policy; and, (4) there has been a violation of the **SECTION II - EXCLUSIONS** of the policy.

The following provisions from the Homeowners Policy, FP-7955, apply:

### SECTION I - LOSSES INSURED

#### COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.

#### COVERAGE B - PERSONAL PROPERTY

*Providing Insurance and Financial Services*    Home Office,

**EXHIBIT** "B"

DENNY FLAHERTY
15-4K62-899
Page 2

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

1. **Fire or lightning.**

\*\*\*\*\*

## SECTION I - CONDITIONS

6. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

12. **Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other **insured** for this loss.

\*\*\*\*\*

## SECTION II - LIABILITY COVERAGES

## SECTION II - EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage**:

      (1) which is either expected or intended by the **insured**; or

      (2) which is the result of willful and malicious acts of the **insured**;

\*\*\*\*\*

## FE-7267.2 AMENDATORY ENDORSEMENT (Iowa)

**Concealment, fraud.**

This entire policy shall be void if, whether before or after a loss, an insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of an insured therein, or in case of any fraud or false swearing by an insured relating thereto.

\*\*\*\*\*

The State Fire Marshal has determined that the fire that damaged the home at 706 5th Ave S in Clinton, Iowa was incendiary in nature. Our investigation has concluded that Ms. Bentley had the opportunity and means to burn, or procure the burning of, this property.

DENNY FLAHERTY
15-4K62-899
Page 3

Our investigation has established that Ms. Bentley had several motives to cause or procure this loss for the purpose of obtaining insurance benefits. These motives include, but are not limited to, the following:

- The property was insured for approximately 250% of the market value.
- Ms. Bentley was attempting to sell the property.
- Ms. Bentley was unable to pay her day to day bills.
- Ms. Bentley had numerous accounts turned over to collections.
- Ms. Bentley was having marital problems.
- Ms. Bentley wanted to move her family away from the area that was causing problems for her children.

Throughout the course of the investigation, Ms. Bentley has engaged in a pattern of willful concealment and misrepresentation of facts that are material to the investigation of this claim. These misrepresentations and concealments concern several topics, including but not limited to, the following:

- Her alibi.
- Her cellular telephone.
- Her finances.
- The attempted sale of the property.
- The personal property removed from the house prior to the fire.
- Her communications with Myron Vanbuskirk.
- The alleged vandalism to the home prior to the fire.

It is the conclusion of State Farm that the fire on May 25, 2014, was not the result of an "accidental direct physical loss" as required by the policy. It is also the conclusion of State Farm that Ms. Bentley has caused or procured the burning of 706 5th Ave S, Clinton, Iowa for the purpose of obtaining insurance benefits. It is further the conclusion of State Farm that Ms. Bentley has intentionally concealed and misrepresented material facts and circumstances relating to this insurance. Finally, it is the conclusion of State Farm that the actions of Ms. Bentley violate **SECTION II – EXCLUSIONS** 1a. Therefore, State Farm respectfully denies coverage, indemnity, and a defense to Mr. Pothof and Ms. Bentley.

The Homeowners Policy is void as of May 25, 2014, due to the violations of the **Intentional Acts** and **Concealment or Fraud** provisions.

If you have any questions or additional information which you would like for State Farm to consider, please contact Claim Representative Stacy Niemann at 515 223 9155.

State Farm Fire and Casualty Company continues to reserve all of its rights and defenses under the policy of insurance or otherwise. Absolutely no waiver or estoppel of any kind or nature is intended, nor may be any be inferred or implied.

DENNY FLAHERTY
15-4K62-899
Page 4


Sincerely,

*Paul Lehmann*

Paul Lehmann
Team Manager
Special Investigative Unit
573 499 2204
State Farm Fire and Casualty Company