**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVEPORT DIVISION**

| | |
|---|---|
| JACLYN MARIE BENTLEY AND ELMER ELLSWORTH POTHOF, | |
| Plaintiffs, | Case. No. 3:15-cv-00052-SMR-SBJ |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | **STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION AT LAW, AFFIRMATIVE DEFENSES AND JURY DEMAND** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Counterclaim Plaintiff, | |
| vs. | |
| JACLYN MARIE BENTLEY AND ELMER ELLSWORTH POTHOF, | |
| Counterclaim Defendants. | |

Defendant/Counterclaim Plaintiff State Farm Fire & Casualty Company ("State Farm") answers Plaintiffs' Second Amended Petition at Law as follows:

**PREAMBLE**

1.    At all times material hereto, Plaintiff Jaclyn Marie Bentley (hereafter "Jaclyn") is a resident of Clinton, Clinton County, Iowa.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 1.

1

2.      At all times material hereto, Plaintiff Elmer Ellsworth Pothof (hereafter "Elmer") is a resident of Clinton, Clinton County, Iowa.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 2.

3.      At all times material hereto, Defendant, State Farm Fire and Casualty Company (hereafter "State Farm") is a foreign corporation doing business in the State of Iowa, with its principal office located at One State Farm Plaza D, 2, Bloomington, Illinois 61710-0001.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 3.

4.      At all times material hereto, Plaintiffs are the record titleholders to the real estate located at 706 5th Avenue S, Clinton, Iowa 52374 (hereafter "the Property").

**ANSWER**:  State Farm admits the allegations contained in Paragraph 4.

5.      Plaintiffs contracted with Defendant for the purchase of a homeowners policy (hereafter "the Policy") to provide insurance coverage for Plaintiffs' dwelling and personal property.  Said Policy is effective August 1, 2013, to August 1, 2014.  A copy of the Declarations Page of the Policy is attached hereto at Exhibit "A" and incorporated herein by this reference.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 5 and further states that the Policy speaks for itself.

6.      Included in the Policy, under the Coverages & Property Section, Plaintiffs were covered for "Dwelling, Dwelling Extension, Personal Property, and Loss of Use."

**ANSWER**:  State Farm admits the allegations contained in Paragraph 6 and further states that the Policy speaks for itself.

7.      On or about May 25, 2014, a fire occurred causing extensive damage to the Property and its contents.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 7.

2

8.      Plaintiffs did not intentionally cause this fire in any manner.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 8.

9.      Plaintiffs made appropriate written notifications to Defendant in regard to the losses at issue.

**ANSWER**:  State Farm admits that Plaintiffs presented a claim to State Farm for benefits under the Policy and denies the remaining allegations contained in Paragraph 9.

10.      On or about March 4, 2015, Defendant denied Plaintiffs' claims related to the losses caused by the fire.  In support of this denial, Defendant stated that, "Based upon the Proof of Loss, the investigation to date, your conduct, and your examinations under oath, State Farm has determined that no payment is owned under the terms of the policy as a result of this fire." In support thereof, Defendant specifically stated that:

a.   The damage to the Property is not the result of an "accidental direct physical loss" as required by the Policy.

b.   There was a violation of the Intentional Acts provision of the Policy, which states:

> If you or any person insured under the policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

c.   There was a violation of the Concealment of Fraud provision of the Policy which states:

> This entire policy shall be void if, whether before or after a loss, an insured has willfully concealed or misrepresented any material facts of circumstance concerning this insurance or the subject thereof, or the interest of an insured therein, or in case of any fraud or false swearing relating thereto.

3

    d.   There has been a violation of the Section II – Exclusions of the Policy, which states that property damage is not covered if it is "intended" by the insured or "is the result of willful and malicious acts of the insured."

    e.   Defendant's letter in this regard it attached hereto as Exhibit "B" and incorporated hereby by this reference.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 10, and further states that State Farm's letter dated March 4, 2015 speaks for itself.

11.    The letter asserts that Plaintiff, Ms. Bentley, had "several motives to cause or procure this loss for the purpose of obtaining insurance benefits" and that throughout the course of the investigation, Ms. Bentley "has engaged in a pattern of   willful   concealment   and misrepresentation of facts" that were material to the investigation of the fire.  The letter concluded that the fire was not an accident and that Ms. Bentley intentionally caused the fire, and thus denied coverage.

**ANSWER**: State Farm admits the allegations contained in Paragraph 11, and further states that State Farm's letter dated March 4, 2015 speaks for itself.

12.    Neither Plaintiff intentionally caused the fire at issue.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 12.

13.    Neither Plaintiff violated the terms of the Policy as accused by Defendant.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 13.

14.    Plaintiffs have since given the proper proofs and complied with all other applicable conditions of the Policy.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 14.

15.     As a proximate and direct result of Defendant's refusal to comply with the terms of the Policy and to timely make full reimbursements to Plaintiffs related to the fire, Plaintiffs have been damaged in that they have been precluded from making any and all recoveries to which they are entitled under the terms of the Policy.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 15.

16.     As a result of this breach of contract by Defendant, Plaintiffs were denied insurance coverage properly secured by it for the fire complained of herein and therefore has sustained damages and injuries as a result of the breach.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 16.

17.     The damages exceed the minimum jurisdictional amount of this Court.

**ANSWER**:  State Farm admits that Plaintiffs claim an amount of damages that exceeds the minimum jurisdictional amount of this Court.

### COUNT I – BREACH OF INSURANCE CONTRACT

18.     Prior to May 25, 2014, Plaintiffs contracted with Defendant for the purpose of purchasing the Policy.  Pursuant to the same, Defendant executed and delivered to Plaintiffs the Policy.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 18.

19.     The Policy was issued pursuant to Plaintiffs' application therefore.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 19.

20.     On or about May 25, 2014, a fire occurred at the Property, thereby causing extensive heat, smoke, and fire damage to the Property.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 20.

21.     The Property was covered under the Policy on May 25, 2014.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 21 and further states that the Policy speaks for itself including all of the terms, conditions, and exclusions related to coverage for the Property.

22.     The coverage of the Property under the Policy included coverage for various losses and other costs caused by fire.

**ANSWER**:  State Farm admits generally the allegations contained in Paragraph 22 and further states that the Policy speaks for itself including all of the terms, conditions, and exclusions related to coverage for the Property.

23.     Up to and including the date of the fire and thereafter, Plaintiffs complied with all conditions of the Policy.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 23.

24.     Plaintiffs have tendered notice of their claims related to the fire under the Policy to Defendant.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 24.

25.     Plaintiffs have since given the proper proofs and complied with all other applicable conditions of the Policy.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 25.

26.     Defendant has not, to date, paid out for covered losses caused by the fire.

**ANSWER**:  State Farm denies Paragraph 26, in part, and admits Paragraph 26, in part. State Farm has paid amounts to, and/or on behalf of, Plaintiffs totaling at least $57,876.64 for covered losses caused by the fire pursuant to the Policy.  State Farm admits that, with the exception of the payments made pursuant to the Policy, it has denied the remainder of Plaintiffs' insurance claim.

27.     This failure to comply with its Policy has caused Plaintiffs financial losses.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 27.

28.     As a proximate and direct result of Defendants' refusal to comply with the terms of the Policy and to timely make full reimbursement to Plaintiffs related to the fire, Plaintiffs have been damaged in that they have been precluded from making any  and  all  recoveries  to which they are entitled under the terms of the Policy.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 28.

29.     As a result of this breach of contract by Defendant, Plaintiffs were denied insurance coverage properly secured by them for the fire complained of herein and therefore have sustained damages and injuries as a result of the breach.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 29.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that the Court dismiss with prejudice Plaintiffs' Second Amended Petition, Count I, with costs assessed to Plaintiffs, and grant any further relief the Court deems just and equitable.

## COUNT II – BAD FAITH FAILURE TO PAY BENEFITS

30.     At  all  times  material  hereto,  Defendant  has  held  itself  out  to  the residents/businesses of the State of Iowa and to Plaintiffs as providing full and reasonable insurance services, and issuing policies of insurance in return for premiums, including the Policy involved in this case.

**ANSWER**:  State Farm admits that it held itself out to the public as providing insurance policies in return for premiums, including the Policy involved in this case, and denies that it uses the words "full and reasonable insurance services" in any particular advertising.

7

31.     On May 25, 2014, the Property was covered under the Policy, which included extensive coverage for accidental losses caused by a fire to the Property at issue.

**ANSWER**:  State Farm admits that, on May 25, 2014, the Property was covered under the Policy subject to the terms, conditions, and exclusions contained in the Policy.  The Policy speaks for itself.

32.     On or about May 25, 2014, there was a fire at the Property, which resulted in damage to the Property.

**ANSWER**:  State Farm admits the allegations contained in Paragraph 32.

33.     Plaintiffs did not intentionally cause the fire.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 33.

34.     Plaintiffs did not violate terms of the Policy such that coverage for the fire would be precluded.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 34.

35.     Plaintiffs suffered injuries and damages caused by the fire.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 35.

36.     Plaintiffs have made claims against Defendant for the damages in full related to the fire.  Plaintiffs are legally entitled to recover on their claims under the Policy.  Defendant has failed to make payment on Plaintiffs' claims, causing Plaintiffs damage related thereto.

**ANSWER**:  State Farm admits that Plaintiffs have made claims against State Farm for damages related to the fire.  State Farm denies that Plaintiffs are legally entitled to recover under the Policy.  State Farm admits that, with the exception of the monies paid by State Farm to date to, and/or on behalf of, the Plaintiffs, it has denied the remainder of Plaintiffs' claims under the Policy.  State Farm denies that Plaintiffs have been damaged as a result of State Farm's conduct.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that the Court dismiss with prejudice Plaintiffs' Second Amended Petition, Count II, with costs assessed to Plaintiffs, and grant any further relief the Court deems just and equitable.

## COUNT III – PUNITIVE DAMAGES

37.     Plaintiffs are legally entitled to recover, from State Farm, an amount reasonably calculated to compensate Plaintiffs for their injuries and damages.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 37.

38.     Defendant knowingly and willingly continues to deny Plaintiffs' claim, thereby disregarding Plaintiffs' legal right to receive compensation for their injuries and damages.  Said denials are a wanton and reckless or grossly negligent disregard for the right of others who might be expected to be injured by such conduct.

**ANSWER**:  State Farm admits that it denied Plaintiffs' claims and denies the remaining allegations contained in Paragraph 38.

39.     In addition to the actual damages alleged herein, Plaintiffs are entitled to an award of exemplary of punitive damages because of Defendant's conduct.

**ANSWER**:  State Farm denies the allegations contained in Paragraph 39.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that the Court dismiss with prejudice Plaintiffs' Second Amended Petition, Count III, with costs assessed to Plaintiffs, and grant any further relief the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.      State Farm has reasonably objective bases to deny Plaintiffs' claims.

2.      State Farm reserves all defenses to the denial of certain coverage(s) available under the Policy, including but not limited to Plaintiffs' violation of the "Concealment and Fraud" and "Intentional Act" provisions of the Policy, such that the policy is voidable.

3.      Plaintiffs have failed to state a claim upon which relief can be granted.


## JURY DEMAND

Defendant/Counterclaim Plaintiff State Farm Fire and Casualty Company hereby demands a jury trial on all issues so triable.


**LEDERER WESTON CRAIG PLC**

By /s/   Benjamin M. Weston
    J. Michael Weston   AT0008405
    118 Third Avenue SE, Suite 700
    P. O. Box 1927
    Cedar Rapids, IA  52406-1927
    Phone:  (319) 365-1184
    Fax:   (319) 365-1186
    E-mail:  mweston@lwclawyers.com

    Benjamin M. Weston   AT0009704
    4401 Westown Parkway, Suite 310
    West Des Moines, 50266
    Phone: (515) 224-3911
    Fax: (515) 224-2698
    E-mail:  bweston@lwclawyers.com

ATTORNEYS FOR DEFENDANT
STATE FARM FIRE & CASUALTY
COMPANY

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2015, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Davenport Division, using the ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFFS**
John C. Wagner
John C. Wagner Law Offices P.C.
1000 Collins Road NE
Cedar Rapids, IA 52402
E-mail: john@jcwagnerlaw.com

I certify under penalty of perjury that the foregoing is true and correct. Dated July 13, 2015 in West Des Moines, Iowa.

/s/Benjamin M. Weston